OPINION
Defendant Troy J. Park appeals a judgment of the Court of Common Pleas of Licking County, Ohio, convicting and sentencing him for two counts of domestic violence in violation of R.C.2919.25, and one count of attempted felonious assault in violation of R.C. 2903.11 and 2923.02, after a jury found him guilty. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant urges the trial court's judgment was against the manifest weight of the evidence. In State v. Thompkins (1977),78 Ohio St.3d 380, the Ohio Supreme Court characterized the weight of the evidence as that which concerns the amount of credible evidence offered in a trial in support of one side of the issue. The Supreme Court noted weight of the evidence is not a mathematical question, but depends on the effect of the evidence to induce belief in the hearer, Thompkins at 387, citations deleted. R.C. 2919.25 (B) provides that no person shall recklessly cause serious physical harm to a family or household member. R.C.2903.11 (A) provides that no person shall knowingly cause serious physical harm to another. At trial, the State presented the testimony of six witnesses: three sheriff's deputies who investigated the incident; the alleged victims, appellant's step-mother and father; and a neighbor to whom the alleged victims fled. The State also presented photographic exhibits, medical records, and some items recovered from the scene. The State's theory of the case, developed by the witnesses, was that appellant was living with his parents. While intoxicated, appellant asked to borrow a vehicle. When appellant's parents refused to loan him the vehicle, appellant became angry and beat both his father and his step-mother, using various household implements, and causing injuries to his parents and damage to the home. Appellant took the stand in his own defense, and testified he did not recall whether he was residing with his father and step-mother during the period of time in which the incident occurred, and testified he did not recall any altercation between himself and the alleged victims. Appellant also testified the investigating officers did not find him at the scene, and appellant personally did not believe the testimony of his father and step-mother. We have reviewed the record, and we find there was sufficient competent and credible evidence offered by the State on each essential element of the crimes charged for the jury to conclude beyond a reasonable doubt appellant was guilty of the charges. Where the jury's verdict is supported by sufficient competent and credible evidence going to each essential element of the crime charged, this court cannot reverse the jury's decision, see State v. DeHass (1967), 10 Ohio St.2d 230
. The assignment of error is overruled.
For the forgoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
WISE, J. and EDWARDS, J., concur